IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JONUEL DIAZ CORREA
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-2288CCC
(Related Cr. 12-0676-01CCC)

**OPINION AND ORDER**

Before the Court is Jonuel Díaz Correa's (hereinafter "Petitioner" or "Díaz Correa") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed on June 28, 2016 (**d.e. 1**). On February 16, 2017, the United States of America (hereinafter "Respondent") filed a Motion to Dismiss the Petition (**d.e. 7**). For the reasons discussed below, the Court hereby ORDERS that the Petition be DISMISSED.

**I.     BACKGROUND**

On March 4, 2013, Díaz Correa pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Criminal No. 12-676 (CCC); d.e. 48, d.e. 49, d.e. 50). On June 4, 2015, he was sentenced to serve a term of imprisonment of 60 months, five (5) years of supervised release, and a monetary penalty of $100.00 (Criminal No. 12-676(CCC); d.e. 76, d.e. 77). Petitioner filed this 28 U.S.C. § 2255 motion seeking that his sentence be vacated under Johnson v. United States, 135 S.Ct. 2551 (2015), based on the fact that he was convicted under Section 924(c).

## II. DISCUSSION

In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), the U.S. Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."  18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added).  The underlined portion is known as the ACCA's "residual clause."  The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

Section 924(c)(1)(A), pursuant to which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime.  Section 924(c)(3) defines "crime of violence" as "an

offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>." 18 U.S.C. § 924(c)(3)(B)(emphasis added). The underlined portion above is known as the "residual clause" of Section 924(c)(3). It should be noted that Petitioner was convicted and sentenced under the provision of 18 U.S.C. § 924(c) that pertains to the use of a firearm during and in relation to a drug crime. See <u>United States v. Hare</u>, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of a <u>Johnson</u> claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). As neither the conviction nor sentence in this case rest upon Section 924(c)'s definition of a "crime of violence," <u>Johnson</u> is inapplicable to the circumstances of his case.

## III.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner Jonuel Díaz Correa's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) be and is DISMISSED, with prejudice. Judgment to be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on December 14, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge